OLMSTED CHAMBERLIN v. DANIEL DARRAGH, CORNELIUS DARRAGH et al.

Equity will not decree the specific execution of a written contract for the sale of land, made by a special agent, who has exceeded his authority.

Neither will it require the agent to convey his equitable interest in the land as *cestui que trust*, he having acted only as the agent of the trustee in selling the land, although the contract on its face, does not disclose the agency; the bill charging that the contract was made by him as the agent of the trustee, and not that it was made by him in his own right.

BILL for the specific performance of a contract for the sale of land. The facts of the case appear in the opinion of the Court.

*M. L. Drake, C. Draper and Wm. P. Draper*, for complainant.

*O. D. Richardson and J. B. Hunt*, for defendants.

THE CHANCELLOR. The bill in this case is filed for the specific performance of a contract entered into between the complainant and Daniel Darragh, one of the defendants, October 26th, 1838. The contract is in these words:

"Whereas, I, Daniel Darragh, have this day sold to O. Chamberlin, the following described lands in the village of Pontiac, viz: Out-lots numbered 16, 17 and 20, in the southeast quarter of section 32, and out-lots numbered 11 and 13, on the southwest quarter of section 28, township 3 north, of range 10, east, being lands bought by the late Archibald Darragh, of the Pontiac company, for the sum of nine hundred dollars, to be paid as follows: two hundred dollars down, or when the deed is delivered, the balance in three equal annual instalments, with interest, to

be secured by a mortgage on the same, by said Chamberlin; and I, the said Chamberlin, do bind myself to comply with, and fulfil the above contract.   Dated, Pontiac, 26th October, 1838."

(Signed,)          " D. DARRAGH,

          " OLMSTED CHAMBERLIN."

The bill states that the several lots named in the contract were conveyed by the Pontiac company, in 1832, to Archibald Darragh, who died seized in 1836, leaving a last will and testament, and Cornelius Darragh sole executor thereof, with authority to sell and dispose of the real estate, and divide the proceeds, after paying the debts of the testator, between Daniel Darragh and Margaret Baird; . one half to Daniel Darragh, his heirs and assigns, and the other half to Margaret Baird, for, and during her natural life, and, after her death, to Daniel Darragh, his heirs and assigns.   And, that Daniel Darragh made the aforesaid contract with complainant, by virtue of a power of attorney, from the executor and Mrs. Baird, to sell the land. Daniel Darragh, by his answer, admits the making of the contract, but denies he had any authority from the executor and Mrs. Baird to sell the land.   He admits he was authorized by the executor to make a contract for the sale of the land, subject to his approval, and says he so informed complainant at the time the contract was made.   Cornelius Darragh, the executor, admits he authorized Daniel Darragh, to bargain for a sale of the land, but says that the written power he gave him, reserved to himself the right to confirm or reject the sale, as he should think best; and that, on being informed of the contract made with complainant, he refused to ratify it.

The power under which Daniel Darragh acted, is not produced.   The executor states that it is either lost or mis-

laid. Daniel Darragh says it was destroyed on his return to Pittsburgh, where the executor lives. The written agreement does not refer to it, nor is the agreement signed by Daniel as agent or attorney for the executor. The bill, however, shows that the complainant treated with him throughout, as the agent of the executor; and the contract must be viewed in that light, and the same as if it referred to the written power, and were signed by Daniel Darragh as the agent or attorney of the executor. This makes it necessary to inquire into the extent of the agent's authority. Now, both Cornelius and Daniel Darragh state in positive terms, that it authorized the latter to make a conditional sale only, subject to the approval of the executor, and not an absolute sale. Their answers on this point, are responsive to the bill, and there is no evidence disproving them. The Court must, therefore, take it for granted such was the nature of the power under which the contract was made, and, that being the case, the complainant is not entitled to a decree for a specific performance, the executor never having given his assent to the contract. Daniel Darragh was a special agent, and nothing more. He was only authorized to make a contract for the sale of the land, subject to the approval of his principal; and no rule of law is better settled than that a particular or special agent cannot bind his principal when he exceeds his authority. *Atwood* v. *Munning*, 7 *Barn. & Cres.* 278; *Fenn* v. *Harrison*, 3 *T. R.* 757. 1 *Pet. R.* 264. Every contract for the sale of land is void, unless reduced to writing, and signed by the party, or some person by him duly *authorized in writing. R. S.* 329, § 8. A person purchasing real estate of an agent, should call on him for his written authority to sell. This was unnecessary in the present case, for it appears from the testimony that the

authority was produced when the contract was signed, but that complainant did not look into it or examine it.

It is said that, if the executor is not bound by the contract, still Daniel Darragh should be required to convey his equitable interest in the premises under the will of Archibald Darragh. I cannot think so. The contract was for the purchase of the legal estate, or land itself, of the executor, and not the interest of Daniel Darragh, as *cestui que trust*, under the will. It would be making a new contract for the parties, instead of decreeing the execution of one made by themselves. There is no analogy between this case, and that class of cases where the complainant may, if he choose, have a conveyance of such part of the premises as the defendant can make a good title to, his title failing as to a part.

Bill dismissed with costs.